IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN M. CADDELL,** | : CIVIL ACTION NO. 1:06-CV-1592 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **ELECTRONICS AND UNIT RECORD DATACENTER, INC., et al.,** | : |
| **Defendants** | : |

**MEMORANDUM**

Presently before the court is an emergency motion to remand (Doc. 2) in which plaintiff, John M. Caddell ("Caddell"), asserts that defendants improperly removed the above-captioned action, commenced originally in a Pennsylvania state court. Caddell contends that his claims, premised on the alleged breach of an executive severance agreement ("ESA"), do not include a federal cause of action, and hence this court is without jurisdiction. Defendants counter that Caddell's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1401, permitting removal to this court. The question presented is whether the ESA is an ERISA plan. For the reasons that follow, the court finds that it is not and will grant the motion to remand.

I.      **Statement of Facts**

Caddell is employed by defendant Electronics and Unit Record Datacenter, Inc. ("EUR"). (Doc. 1, Ex. A ¶ 6 at 12.) On July 1, 2002, Caddell and EUR entered into an ESA (Doc. 1, Ex. A ¶ 6 at 17), which, in pertinent part, provides:

3. <u>Obligation of the Company Upon Termination Under Section 1</u>.  If the Executive's employment shall have been terminated by [EUR] under Section 1 (other than for Cause) or by the Executive for Good Reason:[1]

    (a)    [EUR] shall make a lump sum cash payment to the Executive within 30 days after the Date of Termination of the accrued Amounts, earned by unused Paid Time Off and any money that is normally paid during this time period, except to the extent under the terms of a Plan they are to be paid at a later date;

    (b)    [EUR] shall pay to the Executive in equal installments, made at least monthly, an aggregate amount equal to two times the Executive's Annual Base Salary in effect on the Date of Termination over the twenty-four months following the Date of Termination and;

    (c)    until the earlier of eighteen months following the Date of Termination or the date the Executive becomes entitled to comparable benefits from another employer, the Executive shall be entitled to receive medical coverage and life insurance as provided under [EUR's] Plans from time to time and the Executive's cost therefor shall not exceed the cost paid by the other executives of [EUR] for comparable coverage.

* * *

8. <u>Successors; Assignment</u>.

* * *

    (c)    [EUR] will require any successor (whether direct or indirect, by purchase, merger, consolidation or otherwise) to all or substantially all of the business and/or assets of [EUR] prior to or concurrent with any such event of succession to assume expressly and agree to perform this Agreement in the same manner and to the same extent that [EUR] would be required to perform it if no such succession had taken place and to provide the Executive with written evidence of such assumption and agreement (which may include documents sufficient to evidence a transaction whereby such assumption and agreement is by operation of law). . . .

(Doc. 1, Ex. A §§ 3, 8 at 18, 22-23.)

---

[1] The ESA includes definitions of "termination with cause" and "termination with good reason."  (<u>See</u>  Doc. 1, Ex. A § 1(a) at 17.)

On July 18, 2006, Caddell filed a complaint in the Court of Common Pleas of Cumberland County, Pennsylvania.[2] (Doc. 1, Ex. A at 9-27).  The complaint alleges that EUR entered into an asset purchase agreement to sell substantially all of its assets to defendants Intec USA, Inc. and Intec Billing Services, Inc. (collectively, "Intec"), without providing that Intec will assume Caddell's ESA or that EUR will pay any of the promised benefits upon Caddell's termination, in violation of the terms of the ESA.  (Doc. 1, Ex. A ¶ 9 at 13.)  Caddell asserts claims based on common law breach of contract and seeks injunctive relief.

On August 16, 2006, defendants removed the case to this court, asserting that Caddell's claims were preempted by ERISA and thus subject to removal under federal law.[3]  On August 17, 2006, Caddell filed an emergency motion to remand (Doc. 2),[4] asserting that the ESA is not an ERISA plan and, therefore, ERISA preemption does not apply.  The motion has been fully briefed[5] and is now ripe for disposition.

---

[2] Caddell attached a copy of the ESA to the complaint.  (Doc. 1, Ex. A at 17-27.)

[3] According to the notice of removal, "[p]laintiff's [c]omplaint involves claims under [ERISA] since the claims related (sic) to benefits which include an employee pension plan covered by ERISA.  Plaintiff's state law claims are entirely preempted by ERISA."  (Doc. 1 ¶ 5.)

[4] A preliminary injunction hearing had been scheduled in the state court for August 21, 2006.  (Doc. 2 ¶ 2.)

[5] Following a telephone conference with the parties on August 17, 2006, the court ordered expedited briefing.  (See Doc. 5.)

**II.     Discussion**

Removal serves as a procedural method by which defendants, brought before a state tribunal on claims otherwise within the scope of federal jurisdiction, may compel transfer of the case to federal court.  See 28 U.S.C. § 1441(a); Allbritton Communications Co. v. NLRB, 766 F.2d 812, 820 (3d Cir. 1985).  Once the defendant removes the case to federal court, the plaintiff may challenge the action through a motion to remand.  See 28 U.S.C. § 1447(c).  This motion does not ask whether the case *is* removable, since removal is complete when the federal court receives it, but whether the case *was* removable as presented to the state court.  See id. §§ 1441(a), 1446(d); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999).  Accordingly, the analysis properly focuses on the case as it developed before the state tribunal, not as it stands before the district court.  See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Under the well-pleaded complaint rule, federal courts have federal question jurisdiction[6] when a federal *claim* appears in the complaint.  See Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005).  Therefore, a possible federal preemption *defense* generally does not confer federal question jurisdiction.  See id. However, "the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court."  Id. (citing Metro. Life Ins. Co. v. Taylor, 481 U.S.

---

[6] Defendants' basis for removal is the court's federal question jurisdiction, not diversity jurisdiction.  (See Doc. 1.)

58, 63-64 (1987)). This doctrine applies to state law claims that seek relief within the scope of § 502(a) of ERISA. See id. (citing Metro. Life, 481 U.S. at 62-66).

Section 502(a) provides a civil cause of action by a participant or beneficiary: (1) "to recover benefits due to him under the terms of his *plan*, to enforce his rights under the terms of the *plan*, or to clarify his rights to future benefits under the terms of the *plan*," (2) "to enjoin any act or practice which violates any provision of . . . the terms of the *plan*," or (3) "to enforce any provisions of . . . the terms of the *plan*." 29 U.S.C. § 1132(a)(1)(B), (a)(3) (emphasis added). Hence, the threshold question in the instant case is whether the ESA is a "plan" under ERISA because ERISA covers *plans*, not all employee *benefits*. See Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11-12 (1987).

An ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Deibler v. United Food & Commercial Workers' Local Union 23, 973 F.2d 206, 209 (3d Cir. 1992). A severance agreement is an ERISA plan only if it "requires an ongoing administrative program to meet the employer's obligation." Fort Halifax, 482 U.S. at 11.

In the matter *sub judice*, the record as presented in the state court reveals no evidence of an ERISA plan. It does not provide for a class of beneficiaries, the source of financing, or procedures for receiving benefits. See id.; see also Fetterolf v. Harcourt Gen., Inc., No. 01-1112, 2001 WL 1622196, at *3 (E.D. Pa. Dec. 18, 2001).

The ESA at issue is a contract between one employee and EUR and does not involve an ongoing administrative program. See Fort Halifax, 482 U.S. at 11. That Caddell is only entitled to severance benefits if he is terminated other than for cause or terminated for good reason does not establish an administrative scheme. The existence of this triggering event is insufficient to transform the agreement into an ERISA plan. See, e.g., Fetterolf, 2001 WL 1622196, at *3 (finding that a severance agreement for one employee was not an ERISA plan despite the "triggering events" required for entitlement to payment, including "dismissal for any reason other than cause or resignation").[7] An ongoing administrative program is also not required to calculate the benefits owed Caddell—the ESA provides a simple, objective formula for such calculations. See Middleton v. Phila. Elec. Co., 850 F. Supp. 348, 353 (E.D. Pa. 1994). Hence, Caddell's claims "relate[] only to *entitlement* to post-termination benefits, not to how those benefits are to be administered." Jacob v. Beecham, 824 F. Supp. 552, 558 (E.D. Pa. 1993).

---

[7] Defendants rely primarily on Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989), for the proposition that Caddell's ESA is an ERISA plan. However, the principal issue in Pane was whether the plaintiff's state claims were preempted by an *existing* ERISA claim. In Pane, the employee *initiated* a claim under ERISA alleging that his employer had "adopted an employee severance plan, under which its Vice Presidents and General Managers were to receive" severance benefits. Pane v. RCA Corp., 667 F. Supp. 168, 169 (D.N.J. 1987). In the instant case, the complaint is devoid of any allegations that Caddell's ESA was made pursuant to an overall severance plan adopted by EUR. In addition, the Pane court found an ongoing administrative system, and, therefore, an ERISA plan, because "the circumstances of *each employee's* termination must be analyzed in light of" the triggering event criteria. Id. at 171 (emphasis added). Such an ongoing administrative system is not implicated within the four corners of the complaint, which alleges an agreement with only one employee.

Given the case as it was developed in the state court at the time of removal, the court finds that Caddell's ESA cannot be characterized as an ERISA plan. And, defendants do not assert any other basis for this court's jurisdiction. Accordingly, the court must remand the above-captioned case to state court.

An appropriate order will issue.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge

Dated:       August 24, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN M. CADDELL,** : | **CIVIL ACTION NO. 1:06-CV-1592** |
|         **Plaintiff** : | (Judge Conner) |
| **v.** : | |
| **ELECTRONICS AND UNIT RECORD** : | |
| **DATACENTER, INC., et al.,** : | |
|         **Defendants** : | |

## **ORDER**

AND NOW, this 24th day of August, 2006, upon consideration of plaintiff's emergency motion (Doc. 2) to remand the above-captioned action to the Court of Common Pleas of Cumberland County, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The emergency motion to remand (Doc. 2) is GRANTED.

2. The Clerk of Court is directed to FAX a copy of this order and TRANSFER the above-captioned case to the Court of Common Pleas of Cumberland County.  See 28 U.S.C. § 1447(c).

3. The Clerk of Court is directed to CLOSE this case.

                                                    S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge